IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERNEST EDWARD GAINES, § | | |
| TDCJ No. 1364192, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | No. 3:20-cv-3598-X-BN | |
| § | | |
| DIRECTOR, TDCJ-CID, WARDEN § | | |
| BABCOCK, and OFFICER GARRETT, § | | |
| § | | |
| Respondents. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Ernest Edward Gaines, a Texas prisoner, convicted of aggravated robbery, is serving a life sentence. *See State v. Gaines*, No. F-0556570-S (282d Jud. Dist. Ct., Dallas Cnty., Tex. Apr. 19, 2006), *aff'd*, No. 05-06-00599-CR, 2007 WL 1829724 (Tex. App. – Dallas June 27, 2007, pet. ref'd). This Court previously denied Gaines federal habeas relief. *See Gaines v. Thaler*, No. 3:11-cv-287-P-BH, 2011 WL 7068967 (N.D. Tex. Dec. 22, 2011), *rec. accepted*, 2012 WL 171548 (N.D. Tex. Jan. 18, 2012), And his subsequent request for relief under Texas's DNA statute was also denied. *See Gaines v. State*, No. 05-15-01144-CR, 2017 WL 1291685 (Tex. App. – Dallas Apr. 7, 2017, pet. ref'd).

Gaines has now filed a *pro se* Applicant's Motion to Transfer All Judgments Orders due to Lack of Jurisdiction [Dkt. No. 3], which has been docketed as an application for habeas relief under 28 U.S.C. § 2254 and through which Gaines requests "the Honorable Judge of this Court to order the Clerk of the Court to call the

Warden Babcock at Mark W. Michael Unit" to "order Warden Babcock to order Property Officer Garrett to release [Gaines's] legal materials property to [Gaines], because [he has] on-going active litigation." Dkt. No. 3 at 2 (concluding, "Applicant therefore request this Honorable Judge of this Court to order Clerk of this Court to Transfer all captioned to the district court, Motion for an order authorizing the United States District Court for the Northern District of Texas, Dallas Division to consider a successive 28 U.S.C. § 2254 application, the rest for permission to file a second successive petition, Writ of Habeas Corpus § 2254 Brief Petition, and all motions filed in this Court.").

The Court has referred this resulting action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Brantley Starr.

First, insofar as Gaines requests that this Court order state officials to act, such relief would implicate the federal mandamus statute, which provides "district courts [with] original jurisdiction of any action in the nature of mandamus to compel an officer or agency of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. But this statute does not empower federal courts to compel state officers or state agencies to act. *See, e.g.*, *Moore v. 204th Dist. Ct.*, No. 3:08-cv-2281-D, 2009 WL 3150983, at \*3 (N.D. Tex. Sept. 29, 2009) ("Federal courts lack the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties." (citing *Moye v. Clerk, Dekalb Cnty. Sup. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973))). The Court would therefore lack

jurisdiction over Gaines's construed request for mandamus relief.

Next, if Gaines's filing is construed to assert that officials at the Michael Unit have violated his constitutional rights by confiscating his legal materials, this Court would lack jurisdiction over that claim, as the basis for the claim occurred at a prison located in Anderson County, which lies within the Tyler Division of the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(1).

Finally, if Gaines has requested that this Court authorize him to file a successive habeas application, the Court would lack jurisdiction to do so. *See* 28 U.S.C. § 2244(b)(3); *Leal Garcia v. Quarterman*, 573 F.3d 214, 219 (5th Cir. 2009) ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)).

In sum, the Court lacks jurisdiction over this action.

### Recommendation

The Court should dismiss this action for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 16, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE